**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DAVID "COWBOY" WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-334-KEW |
| | ) | |
| FILTER EASY, INC., a North | ) | |
| Carolina Corporation; and | ) | |
| STEVEN TURNER, individually | ) | |
| and as agent of Filter | ) | |
| Easy, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the Court on (1) Defendant Filter Easy, Inc.'s Motion to Sever Claims Pursuant to Rule 21 (Docket Entry #7); (2) Defendant Filter Easy, Inc.'s Second Motion to Sever Claims Pursuant to Rule 21 (Docket Entry #30); (3) Defendant Steven Turner's Motion to Sever Claims Pursuant to Rule 21 (Docket Entry #32); and (4) Plaintiff's Motion to Remand (Docket Entry #11). Plaintiff commenced this action in the District Court in and for Carter County, Oklahoma on December 11, 2018, naming Defendant Filter Easy, Inc. ("Filter Easy") and Defendant John Doe, an employee working for Filter Easy, Inc. but, at that time, his identity was unknown but he was referenced as "Steve(LNUK)". The Petition alleged that Plaintiff was a resident of the State of

1

Oklahoma, Filter Easy's corporate offices and registered service agent was located in the State of North Carolina but no allegation of residency was set forth for Steve(LNUK).

The action alleged that on July 25, 2018, Plaintiff worked for R&S Delivery, a motor freight company who delivered to Defendant Filter Easy Inc.'s ("Filter Easy") warehouse. On the specified date, Plaintiff was picking up a trailer at the warehouse. The unknown Defendant employee of Filter Easy, then identified as "Steve(LNUK)", was in the trailer placing an invoice on a box. He did not know how to affix the invoice and Plaintiff, who was standing on the ground, offered to help. Plaintiff reached into the trailer with both arms to affix the invoice. As "Steve(LNUK)" was trying to exit the trailer, he lost his balance and, grabbing the strap used to pull the roller door on the trailer down, fell, slamming the door on and breaking both of Plaintiff's arms.

It was alleged "Steve(LNUK)" was acting within the scope of his employment with Filter Easy and was engaged in work assigned to him by his employer. The Petition concluded that "FilterEasy is responsible for the injuries sustained by Cowboy Williams under the theory of respondeat superior." Plaintiff alleged that his injuries were directly and proximately caused by Defendants'

negligence and sought recovery of damages.

On October 2, 2019, Defendants removed the action to this Court. Thereafter, Filter Easy filed its first Motion to Sever, identifying its employee "Steve(LNUK)" for the first time as Steve Turner ("Turner"). Filter Easy confirms it is domiciled in North Carolina but alleges that Plaintiff is a resident of Texas. Although Filter Easy does not expressly state it in the Motion, it is presumed that Turner is a resident of Oklahoma. Filter Easy alleges that Turner is a dispensable party because Plaintiff can obtain complete relief from Filter Easy, as the liable party under *respondeat superior.* As a result, Filter Easy states that, without Turner, complete diversity exists and the case should remain in this Court. Curiously, complete diversity would exist under the facts alleged by Filter Easy even if Turner remained in the action because all parties would reside or be domiciled in different states. Thus, this Motion provides no basis for the relief it requests.

Soon after the filing of Filter Easy's Motion to Sever, Plaintiff filed a Motion to Remand, contesting Filter Easy's contention that he was a resident of Texas and, instead, alleging he resides in Oklahoma. Since complete diversity does not exist under the facts alleged by Plaintiff, remand would be appropriate.

3

On December 26, 2019, Plaintiff filed an Amended Complaint, identifying Turner as the employee and pursuing him both individually and "as agent of Filter Easy, Inc."  The Amended Complaint alleged that Filter Easy was domiciled in North Carolina and both Plaintiff and Turner were residents of Oklahoma. Plaintiff also expanded on the facts surrounding the incident that allegedly resulted in his injury in the Amended Complaint. Additionally, Plaintiff set out his negligence claim against Turner, individually.  He asserted Turner owed him a duty of ordinary care and he breached that duty by acting outside of a reasonably careful person.  Plaintiff set out that he should be permitted to pursue a separate cause of action against Turner for negligence under Oklahoma law.  He also set out his claim against Filter Easy for *respondeat superior*/vicarious liability based upon Turner's actions as an employee as well as a separate negligence claim against Filter Easy for failing to train, supervise and entrust Turner on the use of the portable entry/exit platform after changing its policy of allowing Plaintiff to back his trailer to a loading dock platform that sat flush with the trailer.  Plaintiff alleges that Filter Easy management instructed him to begin parking elsewhere such that he was on the ground rather than level with the trailer – circumstances which Plaintiff alleges enabled the

4

accident to happen with inadequate training of Turner.

On the same date, Filter Easy filed a Third Party Complaint against three FedEx entities, ultimately dismissing all but FedEx Ground Package System, Inc. ("FedEx"). Filter Easy alleged indemnity and/or contribution from FedEx contending that the trailer owned by FedEx caused injury to Plaintiff, that FedEx failed to maintain the trailer they delivered to Filter Easy, and that Plaintiff's injuries were caused by the negligence of FedEx.

Thereafter, Filter Easy filed a second Motion to Sever, again alleging that Turner was a dispensable party who should be severed from that action and allow this case to proceed in this Court under diversity jurisdiction. Turner filed a Motion to Sever joining in Filter Easy's request.

Through this second Motion to Sever, Filter Easy alleges (1) Turner was acting within the scope of his employment subjecting Filter Easy to *respondeat superior* liability; (2) the claims against Turner individually are dispensable – more appropriately, Filter Easy argues that Turner himself is a dispensable party; (3) prevailing case law gives this Court the authority to sever Turner from this action in order to preserve diversity jurisdiction.

Plaintiff responds that Defendants bear the burden of demonstrating that the cause of action alleged against the non-

5

diverse party – Turner, in this case – is improper or cannot be pursued.  Indeed, Plaintiff contends that Defendants would have to demonstrate that Turner was fraudulent joined or misjoined in this action in order to dismiss or sever the claims against him and preserve diversity jurisdiction.  He also argues that vicarious liability does not affect the independent claim asserted against the employee.

Severance is governed by Fed. R. Civ. P 21 which provides:

**Rule 21. Misjoinder and Nonjoinder of Parties**

Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party.

Fed. R. Civ. P. 21.

Defendants contend that the Tenth Circuit has determined that a party can be severed from an action at any time, including after judgment has been entered in order to preserve diversity jurisdiction.  Ravenswood Investment Co., LLP v. Avalon Correctional Servs., 651 F.3d 1219, 1223 (10th Cir. 2011).  As an initial matter, it is not uncommon for a plaintiff injured as the result of the actions of an employee to pursue claims against the employee and the employer under a *respondeat superior* theory.  *See e.g.* Bierman v. Aramark Refreshment Servs., Inc., 198 P.3d 877, 879 (Okla. 2008)("the injured party filed suit in Oklahoma County

6

District Court against the employee. He alleged that her negligence was the cause of severe and permanent injuries to his person. He also named the employer as a defendant under the theory of *respondeat superior*, alleging that the employee was employed by the employer and the accident occurred while the employee was performing her duties for the employer."). Consequently, there is nothing inherently underhanded or nefarious about Plaintiff naming both Filter Easy and Turner, individually, as party Defendants in this case to pursue his claims for negligence damages.

In Ravenswood, the Tenth Circuit recognized the general rule that jurisdictional facts are determined at the time of filing but also the exception to that rule that "[a] district court can dismiss a dispensable nondiverse party pursuant to Fed.R.Civ.P. 21 to cure a jurisdictional defect at any point in the litigation, including after judgment has entered. Ravenswood, 651 F.3d at 1223. The Court found the District Court's efforts to preserve its diversity jurisdiction, though unsuccessful, was warranted. The Court concluded "the district court understandably attempted to invoke this exception to the time-of-filing rule in fashioning its severance and dismissal order in an effort to preserve the investment of resources by the court and the parties." Id.

7

In order to utilize Rule 21 to sever a non-diverse party when fraudulent joinder is not alleged, the party to be severed must not be "indispensable" as defined by Rule 19. *See* <u>Lenon v. St. Paul Mercury Ins. Co.</u>, 136 F.3d 1365, 1369 (10th Cir. 1998). "[W]hether a party is indispensable, and whether a dispensable party may be dismissed to maintain diversity – depend on the district court's careful exercise of discretion . . . ." <u>Id</u>.

This Court finds that Judge Payne's reasoning in the case of <u>Klintworth v. Valley Forge Ins. Co.</u>, 2018 WL 4945237 (N.D. Okla.) remains viable in a removal case even in light of the intervening <u>Ravenswood</u> case. Judge Payne concluded that "in order for complete diversity to exist at the time of removal, a defendant must allege and ultimately establish fraudulent joinder or fraudulent misjoinder of the non-diverse party." Id. at *4. The Court based this conclusion on the unique situation posed by a case where the state court petition is "facially defective" jurisdictionally at the time of removal and the forced attempt to utilize Rules 19 and 21 to impose federal diversity jurisdiction upon the case when no allegation of impropriety in the naming of the parties in state court is alleged. <u>Id</u>. at *5. This Court finds Judge Payne's reasoning exceedingly logical and agree that the power of this Court to force federal diversity jurisdiction

8

upon Plaintiff in this manner in a removal case should be used sparingly, if at all, unless fraud is alleged and proved after removal.

In this case, Plaintiff has asserted an independent claim for negligence against Turner, individually in the Amended Complaint without a fraudulent joinder challenge.  At this stage of the proceedings, nothing in the record suggests that some independent act by Turner could not give rise to an independent negligence claim against him individually.  Diversity jurisdiction did not exist at the time of the removal and should not be forced under these circumstances.  Since jurisdiction does not exist in this Court, the case should be remanded to the state court from where it originated.

IT IS THEREFORE ORDERED that Defendant Filter Easy, Inc.'s Motion to Sever Claims Pursuant to Rule 21 (Docket Entry #7) is found **MOOT** due to the filing of the Amended Complaint.

IT IS FURTHER ORDERED that Defendant Filter Easy, Inc.'s Second Motion to Sever Claims Pursuant to Rule 21 (Docket Entry #30) and Defendant Steven Turner's Motion to Sever Claims Pursuant to Rule 21 (Docket Entry #32) are hereby **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (Docket Entry #11) is hereby **GRANTED**.  The Clerk is directed to

remand this case to the District Court in and for Carter County, Oklahoma for further adjudication.

IT IS SO ORDERED this 29th day of September, 2020.


Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma